UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY COOK and
CHRISTINA GIBBARD,

    Plaintiffs,                                          Case No. 16-14060

vs.                                                       HON. MARK A. GOLDSMITH

GREENLEAF TOWNSHIP, et al.,

    Defendants.
_____/

**OPINION & ORDER
DENYING DEFENDANTS JUDY KELLER AND RANDALL SCHUETTE'S MOTION
FOR JUDGMENT AS A MATTER OF LAW (Dkt. 95)**

This matter is before the Court on Defendants Judy Keller and Randall Schuette's motion for judgment as a matter of law (Dkt. 95). This case was tried in December 2018 on Plaintiffs Shelly Cook and Christina Gibbards' claims of First Amendment retaliation, assault and battery, and violations of Michigan's Open Meetings Act ("OMA"). The jury found in Plaintiffs' favor on the battery claims and in Gibbard's favor on the OMA claim. Keller and Schuette now move for judgment as a matter of law on Gibbard's OMA claim only. Gibbard filed a response (Dkt. 104), but no reply brief was filed. For the reasons discussed below, the motion is denied.

**I.    BACKGROUND**

This case involves the long and contentious relationship between Greenleaf Township residents Cook and Gibbard and the Greenleaf Township board members. Since 2015, Cook and Gibbard have attended nearly every Greenleaf Township board meeting and planning commission meeting that has been held. They have videotaped each meeting and have provided public comment on issues and proposals that are before the township. This case arises out of events that

1

began with a special meeting held on October 18, 2016. The full background of that meeting and subsequent events has been described fully in this Court's opinion denying Defendants' motion for partial summary judgment. See 5/15/2018 Op. & Order (Dkt. 45). The events need not be revisited in full to resolve the present motion. The background relevant to this motion will be discussed below.

## II.  STANDARD OF REVIEW

A motion for judgment as a matter of law under Rule 50(b) should be granted only if "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005).[1]  "The court must decide whether there was sufficient evidence to support the jury's verdict, without weighing the evidence, questioning the credibility of the witnesses, or substituting the court's judgment for that of the jury." Monroe v. FTS USA, LLC, 860 F.3d 389, 407 (6th Cir. 2017).

## III.  DISCUSSION

Keller and Schuette argue that Gibbard's OMA claim fails as a matter of law because neither of them violated the OMA and that even if they did, they both testified repeatedly that they did not intend to violate the OMA. But Defendants are inverting the legal standard by arguing in the light most favorable to them. When the evidence is considered in the light most favorable to Gibbard, it is clear this motion must be denied.

---

[1] This matter went to trial on December 13, 2018. Before the matter was submitted to the jury, Defendants moved for a judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The Court took the motion under advisement and later denied the motion without prejudice (Dkt. 91). Keller and Schuette subsequently renewed their motion under Rule 50(b).

"The purpose of the [OMA] is to ensure that decisions are truly deliberated in public, and to prevent public meetings from merely rubber-stamping decisions already made in private." Jocham v. Tuscola Cnty., 239 F. Supp. 2d 714, 729 (E.D. Mich. 2003). While individuals can be criminally prosecuted for violations of the OMA, the act also creates a private right of action against "[a] public official who intentionally violates this act." Mich. Comp. Laws § 15.273(1). "[I]ntentionally violating the OMA consists of three elements: (1) the defendant is a member of a public body, (2) the defendant actually violated the OMA in some fashion, and (3) the defendant intended to violate the OMA." People v. Whitney, 578 N.W.2d 329, 340 (Mich. Ct. App. 1998). Under the OMA, attendees of public meetings are entitled to the following pertinent rights: (i) to videotape, and (ii) to address a meeting "under rules established and recorded by the public body." Mich. Comp. Laws § 15.263(1), (5).

There is no dispute that Keller and Schuette were members of a public body. However, they argue that no jury could reasonably find against them on the second and third elements. Gibbard argues that the evidence at trial showed that Keller violated the OMA intentionally when Keller intimidated her at an August 15, 2016 meeting and a few months later when she attempted to grab or break Gibbard's camera. Resp. at 12. She argues that Schuette intentionally violated the OMA when he intimidated her at an October 20, 2016 meeting and a few days later prevented her from speaking at another meeting. Id. at 15-17. The Court agrees with Gibbard.

At trial, Gibbard testified that board members, including Keller, would interfere with her attempts to address the board. For example, in a video from the August 15, 2016 special board meeting, in response to a question by Gibbard, Keller is seen interrupting Gibbard and unilaterally adjourning the meeting. 8/15/2016 Board Meeting Video, Pl. Trial Ex. 9, at 19:55-20:15. The rest of the board followed suit and a few seconds later formally adjourned the meeting. Id.

3

Nonetheless, Keller's unilateral action can be interpreted as one preventing Gibbard from addressing the board, a clear violation of the OMA. See Ritchie v. Coldwater Cmty. Sch., 947 F. Supp. 2d 791, 817 (W.D. Mich. 2013) (intentionally interrupting public comment constitutes an OMA violation).

Additionally, Keller's actions taken immediately following an October 18, 2016 meeting tend to show an OMA violation. Based on Gibbard's comments at the meeting, Keller invited Gibbard to her office ostensibly so that she could retrieve a document for Gibbard that was unavailable previously. Trial Tr., Vol. 2, 77:6-8, Dec. 14, 2018 (Dkt. 100). However, what occurred after Gibbard entered the office could be reasonably described as an ambush. See 10/18/2016 Board Meeting Video, Pl. Trial Ex. 1. In the video taken in the office, Keller immediately begins berating Gibbard for her comments made at the meeting, and then Keller rushes toward Gibbard and pushes her back with her body. Id. Moments later, after leaving the office, Keller charges across the meeting hall at Plaintiff Shelly Cook and attempts to hit her camera out of her hands saying, "Oh shut that damn camera off." See 10/18/2016 Board Meeting Video, Pl. Trial Ex. 3. Keller testified at trial that she did not like when cameras were stuck "right in front of [her] face" at Township meetings. See Trial Tr., Vol. 1, 82:19-20, 83:7. A jury could reasonably conclude that Keller's actions were intended to prevent Gibbard from speaking or videotaping at any future meetings.

The same is true of Schuette's actions. At a meeting a few days after the incident with Keller, Schuette sat next to Gibbard after she began asking one of the planning commission members about the incident with Keller. 10/20/2016 Board Meeting Video, Pl. Trial Ex. 6. A video shows Schuette asking the person next to Gibbard to move so that he could sit next to Gibbard. Id. He then starts filming Gibbard with his phone a few inches from her face. Id. He

4

can be heard goading Gibbard by saying, "You can't touch me, you can't touch me." 10/18/2016 Board Meeting Video, Pl. Trial Ex. 7. Although Schuette was at that meeting as a private citizen, a reasonable jury could conclude that Schuette was not videotaping in order to have a record of the meeting but in order to intimidate Gibbard while she was speaking at the meeting, in retaliation for her own recording during other meetings where Schuette was serving in his public position.

Additionally, at an October 24, 2016 meeting, where Schuette attended as a board member, Schuette intentionally violated Gibbard's OMA rights by cutting her off during her public comment. 10/24/2016 Board Meeting Video, Pl. Trial Ex. 8. The meeting video shows Schuette reacting to Gibbard's question by saying that the board would not answer her question, and when Gibbard tried to comment further, he interrupted her and yelled, "We're done!" Schuette argues that he was simply attempting to maintain order, but a jury could reasonably find, in light of his harassment Gibbard suffered just days prior, that he cut her off from finishing her public comment out of animus. A jury could also reasonably conclude that Schuette was interrupting Gibbard's right to address the Township board, which, as noted above, is a violation of the OMA. See Ritchie, 947 F. Supp. 2d at 817.

## IV. CONCLUSION

Because reasonable jurors could come to the conclusion that Keller and Schuette violated Gibbard's rights under the OMA based on the evidence presented at trial, their motion for judgment as a matter of law (Dkt. 95) is denied.

SO ORDERED.

Dated: August 28, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge