UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY COOK and
CHRISTINA GIBBARD,

        Plaintiffs,                        Case No. 16-14060

vs.                                   HON. MARK A. GOLDSMITH

GREENLEAF TOWNSHIP, et al.,

        Defendants.

_____/

## OPINION & ORDER
## GRANTING IN PART CHRISTINA GIBBARD'S RENEWED MOTION FOR
## ATTORNEY FEES (Dkt. 112)

This case was tried in December 2018 on Plaintiffs Shelly Cook's and Christina Gibbard's claims of First Amendment retaliation, assault and battery, and violations of Michigan's Open Meetings Act ("OMA"). The jury found in Plaintiffs' favor on the battery claims and in Gibbard's favor on her OMA claim. The parties filed cross-motions for attorney fees (Dkts. 94, 96). The Court denied Defendants' motion and granted in part Gibbard's motion, but deferred ruling on the amount of fees to be awarded, pending further resolution efforts by the parties and additional submissions. 9/17/19 Op. & Order (Dkt. 109). Because the resolution efforts were unsuccessful, Gibbard filed the instant renewed motion for fees (Dkt. 112), which Defendants oppose (Dkt. 114). For the reasons discussed below, Gibbard's renewed motion is granted in part.

## I.      BACKGROUND

The full case background is set forth in this Court's prior opinions. See 5/15/2018 Op. & Order (Dkt. 45) (denying Defendants' motion for partial summary judgment); see also 9/17/19 Op.

& Order (denying Defendants' motion for attorney fees and granting in part Gibbard's motion for attorney fees). The background relevant to the attorney fee issue is set forth below.

In the original motion for fees, Gibbard's attorneys sought $142,695.50 and costs. In ruling on the motion, the Court awarded $4,558.04 in costs, but postponed a decision on the amount of fees to award. Instead, the Court addressed certain attorney fee issues—rejecting Defendants' due process arguments and their contention that the fees requested were "clearly excessive" based on their theory that the fees were disproportionate to Gibbard's recovery. 9/17/19 Op. & Order at 6-11. The Court agreed with the soundness of the theory underlying Defendants' additional contention—that fees are clearly excessive to the extent they include work unrelated to the OMA claim—but ordered additional submissions on that issue if further resolution efforts proved unsuccessful. Id. at 14. In the instant motion, Gibbard winnowed down the fee request by 30.32 billable hours. Mot. at 1. Based on the reduced billing hours, the revised fee is $137,724.50 for all work though the first motion for attorney fees. The new fee request, however, is $146,199.50, because Gibbard's attorneys also seek the fees for the additional attorney hours spent subsequent to the Court's first order on attorney fees. Pl. Supp. Br. at 27-28 (Dkt. 117).

Because Defendants maintained that the fee request does not clearly show that non-OMA matters are not included in the fees requested, Resp. at 2-4, the Court ordered Defendants to specify the specific billing entries to which they objected, 7/31/20 Order Requiring Supp. Briefing (Dkt. 115). It also ordered Gibbard to respond as to each entry. Id. Gibbard and Defendants set forth their respective positions on each challenged entry in their respective supplemental filings (Dkts. 116, 117). The Court also set the matter for an evidentiary hearing, 8/14/20 Order to Appear by Video Conf. (Dkt. 119), but at a subsequent telephonic status conference, counsel for both sides

agreed that no hearing was necessary, resulting in its cancellation, 8/17/20 Order Cancelling Evidentiary Hr'g (Dkt. 120).

## II.     LEGAL STANDARD

In the United States, under the "American Rule," each side in legal proceeding pays for its own attorney fees. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The American Rule, however, has numerous statutory exceptions, some, if not most, of which Congress has enacted to encourage private litigation to implement public policy. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 263 (1975). This private-attorney-general concept is often found in civil rights statutes. For example, in civil rights actions brought under 42 U.S.C. § 1983, courts are authorized to allow "the prevailing party" reasonable attorney fees as part of the costs. 42 U.S.C. § 1988(b). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-793 (1989). The same principle applies to state statutes promoting similar public policies. See Omdahl v. W. Iron Cty. Bd. of Educ., 733 N.W.2d 380, 383 (Mich. 2007).

The OMA provides that a public official who intentionally violates the OMA shall be personally liable in a civil action for damages of "not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action." Mich. Comp. Laws § 15.273(1). Although the imposition of "actual attorney fees" under the OMA is mandatory, Speicher v. Columbia Twp. Bd. of Election Comm'rs, 832 N.W.2d 392, 395 (Mich. Ct. App. 2012), Michigan Rule of Professional Conduct 1.5 gives courts the discretion to reduce attorney fees where attorneys are charging "illegal or clearly excessive fee[s]," Zoran v. Twp. of Cottrellville, 913 N.W.2d 359, 362 (Mich. Ct. App. 2017), appeal denied, 919 N.W.2d 403 (Mich.

2018).  "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." MRPC 1.5(a).  For example, attorney fees for work and research on claims unrelated to the OMA are clearly excessive.  Speicher, 832 N.W.2d at 400.

### III.   DISCUSSION

Defendants argue that the attorney fee request is clearly excessive for two reasons: (1) the billing records are not sufficiently detailed to show what legal activities were not in pursuit of Gibbard's OMA claim, and (2) the time to prepare the instant motion is not a reasonable fee.[1]  The arguments will be taken in turn.

Defendants first argue that the billing records are not sufficiently detailed to show what time was devoted only to the OMA claim.  Resp. at 2-3 (citing Speicher, 832 N.W.2d at 400).  In Speicher, the trial court found that the plaintiff's attorney fees were clearly excessive under MRPC 1.5(a) and reduced the requested fees from $30,000 to $7,500.  832 N.W.2d at 397.  The Michigan Court of Appeals found that the trial court had abused its discretion by reducing the attorney fees, because it lacked an evidentiary basis to support its findings under MRPC 1.5(a).  Id. at 397-398. The appellate court reasoned that, while the OMA allows recovery of "actual attorney fees," the claimant may not violate the prohibition contained in MRPC 1.5(a) against collecting a clearly excessive fee.  While the trial court was affirmed in its ruling that a clearly excessive fee may not be awarded, its award was vacated and the matter remanded for an evidentiary hearing because there was insufficient evidence to support its ultimate finding on what fees were attributable to the

---

[1] Defendants also argue that Gibbard's attorneys inappropriately compare their billing records with those of previous defense counsel's billing records.  The Court agrees that defense counsel's billing records are not at issue on this motion, and even if they were, the comparison is not instructive on the necessary level of detail in billing records.

4

successful OMA claim rather than unrelated non-OMA claims.   832 N.W.2d at 400.   Invoking Speicher, Defendants try to validate their objection to Gibbard's fee request by making a similar argument that the records do not sufficiently show what effort was devoted to the OMA claim.

Our case, however, is very different from Speicher.   In Speicher, the non-OMA claim was an election law claim, which was entirely separate and distinct from the OMA claim.   Id. at 399 ("Plaintiff's claims regarding election law violations were not relevant to whether defendant violated the OMA.").   By contrast, in our case, the OMA claim and non-OMA claims were intimately related.

Our case was about a contentious relationship between Plaintiffs and the Greenleaf Township board members.   Events came to a head after a township meeting on October 18, 2016, when Defendant Judy Keller confronted Gibbard back in Keller's office.   The encounter spilled out into the meeting hall, where Plaintiffs and Keller had physical altercations prompting others to intervene.   All of the claims in this case—including the OMA claim—were directly related to the events leading up to that encounter, the encounter itself, and the fallout from that encounter. Specifically, Gibbard's OMA claim included the theories that Defendants engaged in actions at or in connection with the township meeting that were designed to prevent her from videotaping or participating in a public meeting.   See Jury Instructions at 44 (Dkt. 85).   The same intimidation theory was advanced in support of the First Amendment claim.   Id. at 36.   It is true that there were some discrete issues, such as whether Judy Keller's husband, Co-Defendant Dave Keller, assaulted Gibbard during the events that transpired on October 18, 2016, and to what extent Dave Keller harmed Cook.   It is also true that the jury vindicated Gibbard only on the OMA and battery claims. But all of the issues derived from, and interrelated with, a common core of facts and theories such that virtually all of the time devoted to the matter served to advance Gibbard's OMA case.

That some of that time may also have served to advance other claims does not make it ineligible as part of the OMA attorney fee recovery.  See Hensley, 461 U.S. at 435 (noting that where the plaintiff's claims for relief involve a common core of facts or are based on related legal theories, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis).  Speicher does not say otherwise.

This case is different from Speicher in another respect.  There, the trial court received no evidence from the parties, apart from the billings themselves, prompting the appellate court to chastise the lower court for not having given counsel and parties an opportunity to testify.  Id. at 397-398.

In contrast, this Court undertook a far more elaborate process.  In addressing Gibbard's first motion for attorney fees, the Court ordered counsel for the parties to meet and confer and make a good faith effort to remove billing for matters unrelated to Gibbard's OMA claim.  9/17/19 Op. & Order at 14.  That process produced some success, with Gibbard eliminating some $5,000 in fees.[2]  After Gibbard filed the instant motion for fees, the Court ordered supplemental submissions—with Defendants ordered to specify every billing entry to which they made an objection and Gibbard ordered to respond to every objection, with appropriate declarations.  See 7/31/20 Order re Supp. Briefing on Christina Gibbard's Mot. for Attorney Fees (Dkt. 115).  The Court also offered the parties the opportunity for a full evidentiary hearing, which they declined, agreeing that the Court could make its decision based on the supplemental filings.  See 8/17/20

---

[2] Gibbard's attorneys sifted through their billed hours and reduced the billing by a little over 30 hours.  For example, Gibbard's attorneys removed the 4.5 hours spent on Dr. Johnson's de bene esse deposition from the December 7, 2018 trial preparation entry.  Gafkay Fees, Ex. 1 to Mot., at 5 (Dkt. 112-2).  They also excluded hours spent on, among other things, jury instruction disputes, portions of the time spent on briefing, and time spent at hearings on matters unrelated to Gibbard's OMA claim.  Id. at 9, 13-14.

6

Order. This detailed process is quite unlike the truncated process rejected in <u>Speicher</u>. And it has created a firm evidentiary basis for the conclusion that the billings, as supplemented by the declarations of Gibbard's attorneys, justify an award for most of what Gibbard seeks.

The Court has thoroughly reviewed both the objections and the Gibbard responses. It finds that Gibbard has sufficiently eliminated any ambiguity and has established how all time recorded relative to her modified fee request is related in some respect to the OMA claim, even if also related to non-OMA claims. The following is a representative sampling:

- 12/8/2016 review records from Sanilac County Sherriff's Department – 1.0 hour

  - o  Defendants – Vague and relates to more than the Gibbard OMA claim.
  - o  Gibbard – Response: The records related in large part to Gibbard being intimidated through an assault after speaking at the special township board meeting on October 18, 2016, which related to her OMA violations; although it also related to Shelly Cook being assaulted after speaking at the meeting, such evidence was relevant to Gibbard's OMA claims to show "other acts" by Defendants for exercising right under OMA.

- 1/4/2016 – send email regarding dates for scheduling order and joint discovery plan – 1.0 hour

  - o  Defendants – Relates to more than the Gibbard OMA claim. In addition, under the current description, 1 hour to send an email regarding a scheduling order appears excessive.
  - o  Gibbard – Response: The 1.0 hour also related to drafting the joint discovery plan, which is a multiple page document with summary of the case, basis for subject matter jurisdiction, discovery issues, anticipated motions, and proposed scheduling dates. (Exhibit 1, para. 6)

- 6/26/2017 – prepare for and attend depositions – 10.5 hours

  - o  Defendants – Vague. Unknown which deposition and how it relates to Gibbard OMA claim.
  - o  Gibbard – Response: On June 26, 2017, the depositions of Defendants Judy Keller, Dave Keller, and Randall Schuette were taken. The depositions all related to the common core of facts

involving Gibbard's OMA claims.  Exhibit 1, para. 25.

- 7/26/2017 meet with clients; depositions of DG and RB – 4.5 hours

  - o Defendants – Vague. Does not indicate how it relates to Gibbard OMA claim, only [sic] nor is there any deduction to account for same.
  - o Gibbard – Response. The depositions of Daniel Gilbert, Kim Toner, Mike Reeder, and Ronald Brzuchowski were taken and all were witnesses [who] testified relating to OMA violations alleged by Gibbard.

- 12/11/2017 response to SJ (DELETED 4.0 HOURS FOR DRAFTING SJ BRIEF) – 4.5 hours

  - o Defendants – Counsel deleted less than ½ of time when Gibbard OMA claim is only one of four claims.
  - o Gibbard – Response. The summary judgment involved only the first amendment claims and OMA claims.  PageID.283.  The claims involved the same common core of facts.  There were a total of 10.0 hours deleted for summary judgment entries to account solely for the first amendment research, preparation, and arguing.  (Exhibit 1, para. 8).

Pl. Supp. Br. at 4-9 (Dkt. 117).  The other entries follow suit.  Gibbard's attorneys addressed each disputed billing entry raised in Defendants' supplemental brief.  See id.  These clarifications and the revisions to the hourly billing records rectify the deficiencies claimed by Defendants. Therefore, Gibbard's attorneys are entitled to an award of $ $137,724.50 for work performed before this Court's September 17, 2019 Opinion.

With respect to whether Gibbard's attorneys are entitled to fees for actions taken subsequent to the Court's September 17, 2019 Opinion, those fees are clearly excessive.  Gibbard's attorneys are correct that attorneys are generally entitled to fees for preparing and litigating the attorney fee case after the underlying case is over.  Id. at 3 (citing Coulter v. State of Tenn., 805 F.2d 146, 151 (6th Cir. 1986) (recognizing that courts uniformly allow attorneys to recover fees in civil rights cases for preparing and litigating attorney fee motions), abrogated on other grounds by

8

The Ne. Ohio Coal. for the Homeless v. Husted, 831 F.3d 686 (6th Cir. 2016) (recognizing that that a presumptive cap for fee awards in support of a successful fee petition is inconsistent with intervening Supreme Court precedent) (citing Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990)). However, Defendants' argument is that the fees are clearly excessive under MRPC 1.5(a), which governs the award of fees in this case. Resp. at 4. As noted above, "[a] fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." MRPC 1.5(a). The intent of MRPC 1.5(a) "is to prevent attorneys from receiving excessive payment for their work." Speicher, 832 N.W.2d at 396.

Here, the parties were directed to meet and confer on the billing issues, because the billing records had obvious problems. More detailed billings initially—and review of the records before submission to Defendants and the Court by way of the first motion for fees—would likely have eliminated or reduced the additional time Gibbard's attorneys seek. Essentially, the time spent subsequent to this Court's Opinion on attorney fees was spent correcting the billing-related problems created by Gibbard's attorneys. Addressing the obvious problems with the billing records was not an opportunity to bill more hours. A lawyer of ordinary prudence would be left with a definite and firm conviction that any hours billed subsequent to this Court's Opinion on attorney fees would be in excess of a reasonable fee. Therefore, the hours billed subsequent to this Court's September 17, 2019 Opinion are clearly excessive and will be excluded from the total billed hours for which fees are awarded.

## IV. CONCLUSION

For the reasons stated above, Gibbard's attorney fee motion (Dkt. 112) is granted in part. The Court finds, after reviewing the record, that attorney fees based on 360.29 billable hours

should be awarded on Gibbard's successful OMA claim.  The total reflects the revised billable hours less the 20.25 attorney hours spent subsequent to the Court's September 17, 2019 Opinion. Gibbard's total attorney fee award is $137,724.50.  This is in addition to the award of $4,558.04 for costs previously ordered.  9/17/20 Op. & Order at 14.  Defendants shall make full payment within 30 days.

      SO ORDERED.

Dated:  September 10, 2020  
      Detroit, Michigan

                        s/Mark A. Goldsmith  
                        MARK A. GOLDSMITH  
                        United States District Judge