UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY COOK, et al.,

       Plaintiffs,

vs.

GREENLEAF TOWNSHIP, et al.,

       Defendants.

_____/

Case No. 2:16-cv-14060
HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Dkt. 128) AND (2) GRANTING DEFENDANTS' MOTION TO PLACE THE JUDGMENT ON THE TAX ROLLS (Dkt. 127)**

This case was tried in December 2018 on Plaintiffs Shelly Cook's and Christina Gibbard's claims of First Amendment retaliation, assault and battery, and violations of Michigan's Open Meetings Act (OMA). The jury found in Plaintiffs' favor on the battery claims and in Gibbard's favor on the OMA claim. See Judgment (Dkt. 92). Following entry of the judgment, Gibbard filed a motion for attorney fees (Dkts. 94, 112), which the Court granted in part (Dkts. 109, 121). Defendants Greenleaf Township, Rosie Quinn, Randall Schuette, Judy Keller, and Ken Brown appealed the Court's award of attorney fees to Gibbard (Dkt. 122). The United States Court of Appeals for the Sixth Circuit issued an opinion affirming the award of attorney fees (Dkt. 124).

Following the Sixth Circuit's opinion, Gibbard filed a motion for attorney fees incurred on appeal (Dkt. 128), and Defendants filed a response (Dkt. 131).[1] Defendants also filed a motion to place the judgment on the Township's tax rolls (Dkt. 127). Gibbard filed a response to Defendants'

---

[1] Because oral argument will not aid the Court's decisional process on Gibbard's motion for attorney fees, that motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

motion (Dkt. 129), and Defendants filed a reply (Dkt. 130). The Court held hearings on Defendants' motion on November 12 and December 13, 2021. Following the first hearing, Defendants filed an affidavit (Dkt. 135) of the Township's clerk, Defendant Judy Keller, and Gibbard filed a memorandum in response (Dkt. 136). For the following reasons, the Court grants Gibbard's motion for attorney fees and grants Defendants' motion to place judgment on the Township's tax rolls.

## I. ANALYSIS

The Court considers Gibbard's motion for attorney fees before turning to Defendants' motion to place judgment on the tax rolls.

**A. Attorney Fees**

Pursuant to Mich. Comp. L. § 15.273(1), a public official who intentionally violates the OMA "shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action." Gibbard was originally awarded attorney fees under § 15.273(1), and she now moves under § 15.273(1) to recover the attorney fees that she incurred on appeal ($8,340). She asks that the Court add the amount incurred on appeal to the amount of attorney fees already owed ($137,724.50). Gibbard has produced appropriate evidence to demonstrate that her fees on appeal totaled $8,340, see Invoice (Dkt. 128-2), and Defendants do not argue that these fees are "illegal or clearly excessive," Zoran v. Twp. of Cottrellville, 913 N.W.2d 359, 362 (Mich. Ct. App. 2017).

However, Defendants argue that Gibbard is not entitled to recover attorney fees that she incurred defending her award on appeal for a different reason: § 15.273(1) does not expressly provide for an award of attorney fees incurred as a result of an appeal of an opinion awarding

2

attorney fees pursuant to the statute. Defs. Resp. to Pl. Mot. at 6. Defendants' argument is unpersuasive for several reasons.

First, Defendants cite no authority to support their position that attorney fees incurred as a result of an appeal of an opinion awarding attorney fees under § 15.273(1) are not recoverable merely because the statute does not expressly mention attorney fees incurred on appeal. Nor is the Court aware of any such authority.

Second, Michigan courts have determined that appellate attorney fees are recoverable under other statutory provisions that, like § 15.273(1), do not expressly authorize an award of attorney fees incurred on appeal. See McLemore v. Detroit Receiving Hosp. and Univ. Medical Ctr., 493 N.W.2d 441, 446 (Mich. Ct. App. 1992) (collecting cases). For instance, in the civil rights context, Mich. Comp. L. § 37.2802 permits courts to award "all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action . . . ." Although § 37.2802 does not expressly authorize an award of appellate attorney fees, Michigan courts have held that § 37.2802 supports not only a grant of attorney fees incurred at the trial level, but also an award of attorney fees incurred at the appellate level. E.g., Grow v. WA Thomas Co., 601 N.W.2d 426, 439 (Mich. Ct. App. 1999) ("[T]his Court has held that an award of appellate attorney fees is proper under the C[ivil] R[ights] A[ct]."). Likewise, in the context of Michigan's Whistleblowers' Protection Act (WPA), Mich. Comp. L. § 15.364 permits courts to "award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees . . . ." Courts interpreting this language have held that post-judgment attorney fees are recoverable under the statute because a "plaintiff who prevails on a WPA claim but then must engage in postjudgment legal proceedings in order to collect on his or her judgment is still prosecuting an action brought pursuant to the WPA." Cadwell v. Highland Park, 922 N.W.2d 639,

3

644 (Mich. Ct. App. 2018).  Defendants provide no explanation as to why the Court should reach a different conclusion as to the ability to award appellate fees under § 15.273(1).

Third, Defendants' proposed interpretation of § 15.273(1) is potentially pernicious.  If Defendants' view were adopted, it would encourage deep-pocketed defendants to appeal awards of attorney fees strictly to cause the plaintiff to incur non-recoverable attorney fees on appeal.  This would, in effect, cause a plaintiff who is forced to defend himself or herself on appeal to lose all or part of the attorney fees that the plaintiff initially won in bringing the action for the defendant's violation of the OMA.

For these reasons, the Court declines to adopt Defendants' proposed interpretation of § 15.273(1).  Instead, the Court will grant Gibbard's motion for attorney fees and add the amount of attorney fees that she incurred on appeal ($8,340) to the amount of attorney fees owed, for a total of $146,064.50.

### B. Placing the Judgment on the Township's Tax Rolls

Defendants ask the Court to place the judgment on the Township's tax rolls pursuant to Mich. Comp. L. § 600.6093 so that the judgment may be satisfied.  Mot. at 3.  Gibbard argues that the Township's budget reflects that it has sufficient funds to presently satisfy the judgment in full and, therefore, Defendants should be required to satisfy the judgment at this time without placing the judgment on the Township's tax rolls.  Pl. Resp. to Defs. Mot. at PageID.2987.  After Defendants filed an affidavit and supporting materials reflecting that only $67,198.51 in general funds are presently available to the Township, see Keller Affidavit ¶ 49 (Dkt. 135), Gibbard argued that Defendants should at least be required to use those funds to pay a portion of the judgment immediately, Pl. Mem. at 3–4 (Dkt. 136).  During the December 13, 2021 hearing, Quinn, the

Township's deputy treasurer, testified that presently, no taxes have been assessed for the purpose of collecting the judgment owed to Gibbard.

The "sole remedy" for collecting a judgment against certain units of local government, including townships, is provided by § 600.6093(1). Cadwell v. City of Highland Park, Nos. 341026 & 341284, 2019 WL 691690, at *5 (Mich. Ct. App. Feb. 19, 2019) (punctuation modified). Pursuant to that statute, when a party obtains a favorable judgment against a township, the township must assess the amount owed (with costs and interests) so that the township can collect and pay the judgment. Mich. Comp. L. § 600.6093(1). Crucially, the statute "only authorizes the judgment to be collected through taxes assessed for that purpose." Cadwell, 2019 WL 691690, at *6. Because no taxes have been assessed for the purpose of satisfying the judgment, the judgment cannot be collected at this time. As a result, Gibbard cannot presently obtain full or partial payment of the judgment.

Gibbard will not be able to obtain payment until the judgment has been collected pursuant to the procedures set forth in § 600.6093(1). To guarantee that this collection is made without further delay, the Court grants Defendants' motion to place the judgment on the Township's tax rolls. The Township must do so promptly, so that the next Township tax bills will include an assessment for the judgment.

## II. CONCLUSION

For the foregoing reasons, the Court grants Gibbard's motion for attorney fees (Dkt. 128) and grants Defendants' motion to place judgment on the Township's tax rolls (Dkt. 127).

SO ORDERED.

Dated: January 4, 2022  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
                                                   United States District Judge